# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:01cr216

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL LOVELLE. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Post Conviction Credit [Doc. 257].

The Defendant Michael Lovelle, proceeding *pro se*, moves the Court "for post-conviction credit towards his sentence for time spent on house arrest after he pled guilty...." [Motion for Post Conviction Credit, Doc. 257].

On September 12, 2002, the Defendant entered a plea of guilty to Count One as set forth in the Bill of Indictment, which alleged that the Defendant had engaged in a conspiracy to possess with intent to distribute cocaine and cocaine base. [Doc. 3]. On October 15, 2002, the Defendant was released on an unsecured bond of $25,000 and placed on 24-hour electronic monitoring as a condition of his release. [Order Setting

Conditions of Release, Doc. 174]. On July 22, 2003, the Defendant was sentenced to ninety-five (95) months imprisonment. [Judgment, Doc. 226]. He reported for service of his sentence on December 10, 2003 to the Federal Correctional Institution in Edgefield, South Carolina. [Executed Judgment, Doc. 234]. The docket reflects that the Defendant currently is incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi.

The Attorney General of the United States, not the sentencing court, has the authority to compute the amount of presentence credit. <u>United States v. Wilson</u>, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Further, any challenges to the computation of a sentence must be brought in the district of confinement. <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989); <u>United States v. Brown</u>, 753 F.2d 455, 456 (5th Cir. 1985). Because the Defendant is currently incarcerated in Yazoo City, Mississippi, judicial review should have been sought in that district.

Assuming *arguendo* that this Court has jurisdiction to entertain the Defendant's motion, it would be denied. Section 3585(b) provides, in pertinent part:

> A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent

> in **official detention** prior to the date the sentence commences --
> (1) as a result of the offense for which the sentence was imposed ... that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). The Supreme Court has held that time spent in a substance abuse treatment center prior to the imposition of sentence is not "official detention" within the meaning of § 3585(b). Reno v. Koray, 515 U.S. 50, 65, 115 S.Ct. 2021, 2029, 132 L.Ed.2d 46 (1995). "[U]nder the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions, as respondent was, is 'released.'" Id. at 57, 115 S.Ct. at 2025. As the Fourth Circuit has stated:

> Conditions of release are not custody. "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration."

United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991) (quoting United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989)). Because the Defendant was placed on electronic monitoring as a condition of his release, his time spent on electronic monitoring prior to the service of his sentence does not qualify as "official detention."

3

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Post Conviction Credit [Doc. 257] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 23, 2008

Martin Reidinger
United States District Judge